THE MAY STORES SHOPPING CENTERS, INC., A MISSOURI CORPORATION, THE MAY DEPARTMENT STORES COMPANY, A NEW YORK CORPORATION, AND THE MAY DEPARTMENT STORES COMPANY, D/B/A CONSUMERS DISTRIBUTING COMPANY, FORMERLY A GENERAL PARTNERSHIP AND NOW A DIVISION OF THE MAY DEPARTMENT STORES COMPANY, PLAINTIFFS, v. HARTZ MOUNTAIN-FREE ZONE CENTER, A GENERAL PARTNERSHIP, HARTZ MOUNTAIN ASSOCIATES, A GENERAL PARTNERSHIP, HARTZ MOUNTAIN INDUSTRIES, INC., A NEW YORK CORPORATION, LEONARD N. STERN, EUGENE HELLER, HAROLD E. ROSEN, ARMAND LINDENBAUM, JOSEPH BARDWIL, INDIVIDUALLY AND AS THE GENERAL PARTNERS OF AND IN HARTZ MOUNTAIN-FREE ZONE CENTER, A GENERAL PARTNERSHIP, AND OF AND IN HARTZ MOUNTAIN ASSOCIATES, A GENERAL PARTNERSHIP, AND STATE FARM LIFE INSURANCE COMPANY, AN ILLINOIS CORPORATION, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, v. QUALITY CONCRETE COMPANY, PRIME ELECTRIC CO., INC., FRATARELLI BROTHERS, INC., C.R.P. FOUNDATIONS, INC., LOUIS J. NACAMULI, T/A NACAMULI ASSOCIATES, ATMOS ENGINEERING COMPANY, INC., J. P. PATTI COMPANY, INC., PETER SORCE CONSTRUCTION CORP., SANTO SORCE, T/A SORCE CONSTRUCTION CORP., THIRD-PARTY DEFENDANTS, AND QUALITY CONCRETE COMPANY, THIRD-PARTY DEFENDANT AND FOURTH-PARTY PLAINTIFF, v. FRATARELLI BROTHERS, INC.: C.R.P. FOUNDATIONS, INC.: LOUIS J. NACAMULI, T/A NACAMULI ASSOCIATES, FOURTH-PARTY DEFENDANTS, AND PETER SORCE CONSTRUCTION CORP., SANTO SORCE, T/A SORCE CONSTRUCTION CORP., THIRD-PARTY DEFENDANTS AND FOURTH-PARTY PLAINTIFF, v. IKENSON IRON WORKS, FOURTH-PARTY DEFENDANT AND FIFTH-PARTY PLAINTIFF, v. JOHN J. FOSTER COMPANY, INC., FIFTH-PARTY DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided July 21, 1978.

*Mr. Richard L. Plotkin* for plaintiffs (*Messrs. Pitney, Hardin & Kipp,* attorneys).

*Mr. Richard C. Cooper* for defendants and third-party plaintiffs (*Messrs. McCarter & English,* attorneys).

*Mr. Martin B. Wallerstein* for third-party defendant and fourth-party plaintiff Quality Concrete Company (*Messrs. Morgan, Melhuish, Monaghan & Spielvogel,* attorneys).

*Mr. Kenneth A. Seltzer* for third-party defendant and fourth-party defendant Fratarelli Brothers, Inc. (*Messrs. Vitiello & Seltzer,* attorneys).

No appearance on behalf of third-party defendant and fourth-party defendant C. R. P. Foundations, Inc. (*Messrs. Bennett & Bennett,* attorneys).

*Mr. W. Hunt Dumont* for third-party defendant and fourth-party defendant Louis J. Nacamuli, t/a Nacamuli Associates (*Messrs. Robinson, Wayne & Greenberg,* attorneys).

No appearance on behalf of third-party defendant Atmos Engineering Company, Inc. (*Messrs. Haggerty & Donohue,* attorneys).

*Mr. A. Dennis Terrell* for third-party defendants and fourth-party plaintiffs Peter Sorce Construction Corp., Santo Sorce, t/a Sorce Construction Corp. (*Messrs. Shanley & Fisher,* attorneys).

No appearance on behalf of fourth-party defendant and fifth-party plaintiff, Ikenson Iron Works (*Messrs. Feuerstein, Sachs & Maitlin,* attorneys).

*Mr. Raymond J. Lamb* for fifth-party defendant John J. Foster Company, Inc. (*Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung,* attorneys).

KENTZ, J. S. C. There is presently before this court a motion of Quality Concrete Company (Quality), joined by Fratarelli Brothers, Inc., C. R. P. Foundations, Inc., Louis

J. Nacamuli, t/a Nacamuli Associates and John J. Foster Company, Inc., to transfer this action to the Law Division pursuant to *R.* 4:3–1. This court signed an order today striking the equitable relief sought in the complaint in this action inasmuch as those issues were rendered moot for the reasons stated in the oral opinion by the court on this date. Quality and the other third-party defendants now submit that since all claims for equitable relief no longer exist in this case, the remaining issues should be heard in the Law Division. Mays Stores Shopping Centers, Inc. (Mays) opposes the transfer, arguing that once an action is properly commenced in the Chancery Division it must remain there even when the equitable relief is no longer required, appropriate or necessary.

A brief background of certain procedural points must be provided. In March 1975 Mays, formerly Consumers Distributing Company, commenced this action in the Superior Court, Chancery Division, against defendant Hartz Mountain-Free Zone Center (Hartz) alleging breach of contractual obligations pursuant to a lease entered into between Mays and Hartz in December 1972. By way of relief Mays sought damages and specific performance or recission of the lease. Hartz subsequently filed third-party complaints against the design professionals and subcontractors involved in the construction of the building in question.

By letter dated January 27, 1976 I advised counsel that a review of the pleadings and pretrial memorandum revealed that the primary relief being sought was legal rather than equitable and that the equitable issues involved were only incidental thereto. Accordingly, on my own motion and without a hearing, I ordered the case to be transferred to the Law Division pursuant to *R.* 4:3–1. Mays took exception to this ruling but the court, without a hearing, reaffirmed its decision by letter dated February 18, 1976.

Mays, however, was persistent in its opposition to this order of transfer and filed a nine-page letter memorandum setting forth the applicable law and facts and requesting a

hearing on this issue. On April 9, 1976 a full hearing was held with the consent of other counsel. Relying upon Mays' contention that the primary relief sought was equitable, the court by order of April 26, 1976 rescinded its prior directive transferring the matter to the Law Division. Now, despite the fact that the equitable claims no longer exist, plaintiff urges that the case cannot be transferred to the Law Division.

Plaintiff relies primarily upon the principle stated in *Steiner v. Stein*, 2 *N. J.* 367 (1949), that

> where an action is brought which in the first instance is cognizable in the Chancery Division, it *should* be retained in that division irrespective of the fact that before or during the trial the equitable phases of the cause have been fully disposed of, leaving only purely legal issues remaining for determination. [at 378, citation omitted; emphasis supplied]

The question is whether this court *must* retain jurisdiction after the equitable claims have been rendered moot.

An examination of the *Steiner* case reveals that this case did not establish new law but rather continued the practice formerly applicable to the Court of Chancery. Immediately preceding the above quotation relied on by plaintiff, the *Steiner* court stated:

> It is plain from the letter and spirit of the Constitution and the rules that actions which were formally cognizable in the Court of Chancery — those "maintainable in the Court of Chancery," where the "primary relief * * * or the principal relief sought is equitable" — are now to be brought in the Chancery Division and, *as under the old practice*, once the jurisdiction of equity has attached "it *may* retain the cause for all purposes, and proceed to a final determination of the entire controversy, and except where the jurisdiction of equity depends on the prior establishment of a right at law, settle purely legal rights and grant legal remedies. [at 378, quoting from *Fleischer v. James Drug Stores, Inc.*, 1 *N. J.* 138, 150 (1948); emphasis supplied]

The reasoning behind this decision is clearly to assure that trial judges "hear the entire case once he has assumed

jurisdiction." 2 *N. J.* at 377. The court emphasized, however, that "transfer by the court is discretionary," *Id.,* but in accordance with prior practice of avoiding multiplicity of law suits.

The cases both prior to and after the adoption of the 1947 Constitution couch the decision to retain jurisdiction over legal claims in permissive terminology. Compare *Mantell v. Int'l Plastic Harmonica Corp.,* 141 *N. J. Eq.* 379, 393 (E. & A. 1947), and *Shaw v. G. B. Beaumont Co.,* 88 *N. J. Eq.* 333, 336 (E. & A. 1917), and *Hersh v. Rosensohn,* 125 *N. J. Eq.* 1, 17 (Ch. 1939), aff'd *per curiam* 127 *N. J. Eq.* 21 (E. & A. 1940), with *Fleischer v. James Drug Stores, Inc., supra,* 1 *N. J.* at 150–151, and *Kaplan v. Cavicchia,* 107 *N. J. Super.* 201, 205–206 (App. Div. 1969), and *Rego Indust., Inc. v. American Mod. Metals Corp.,* 91 *N. J. Super.* 447, 454 (App. Div. 1966), and *Associated Metals & Minerals Corp. v. Dixon Chem. & Research, Inc.,* 82 *N. J. Super.* 281, 297–298 (App. Div. 1964), certif. den. 42 *N. J.* 501 (1964), and *Cohen v. Miller,* 5 *N. J. Super.* 451, 458–459 (Ch. Div. 1949). But see *Mayflower Indus. v. Thor Corp.,* 15 *N. J. Super.* 139, 175 (Ch. Div. 1951) aff'd *o.b.* 9 N. J. 605 (1952) wherein the Chancery judge stated in dictum that "the Chancery Division cannot transfer" legal counterclaims even though the primary action has been dismissed. Furthermore, under the old practice, the rule that the court should retain the case was "not an inflexible rule." *Hersh v. Rosensohn, supra,* 125 *N. J. Eq.* at 17; *Shaw v. G. B. Beaumont Co., supra,* 88 *N. J. Eq.* at 336. Rather, it rested in the sound discretion of the court. *Hersh v. Rosensohn, supra,* 125 *N. J. Eq.* at 17; accord, *Steiner v. Stein,* 2 *N. J.* 378.

I conclude that the decision to retain or to transfer a claim properly cognizable in the Law Division still rests in the sound discretion of the Chancery judge even though he is no longer required to make such a transfer when all the equitable issues are resolved.

My decision is contrary to the dictum of the Chancery Division in *Mayflower Indus. v. Thor Corp., supra,* where

the language of the Steiner opinion was interpreted so as to mandate retention of legal counterclaims in the Chancery Division even after the equitable claims were dismissed with prejudice. In my view the *Mayflower* court did not consider all the language of the *Steiner* opinion or the holdings of the courts of this State prior and subsequent to that decision. This court is not bound by decisions of courts of coordinate jurisdiction. *Smith v. Smith,* 150 *N. J. Super.* 194, 197 (Ch. Div. 1977); *Mazza v. Ins. Co. of No. Am.,* 149 *N. J. Super.* 60, 62 (Law Div. 1977); *Wolf v. Home Ins. Co.,* 100 *N. J. Super.* 27, 35 (Law Div.), aff'd 103 *N. J. Super.* 357 (App. Div. 1968). Furthermore, the *o.b.* opinion of the Supreme Court in *Mayflower* affirmed the orders of the court below and it appears that these orders related to the substantive rights of the parties and not to the dictum of the trial court. Therefore, it would seem that the decision of the Supreme Court did not address itself to the dictum and did not deal with the discretionary power of the Chancery Division to transfer a cause of action to the Law Division under such circumstances as are present here. Accordingly, I will not be guided by the dictum in *Mayflower* under the facts now before me.

█ In determining whether or not to transfer this litigation to the Law Division, I am mindful that "[t]he Chancery Division must not become clogged or burdened with the weight of actions properly cognizable in the Law Division." *Gov't Emps. Ins. Co. v. Butler,* 128 *N. J. Super.* 492, 497 (Ch. Div. 1974). The Chancery Division is designed to hear primarily equitable matters. It would contravene this principle to permit a case of this type without any equitable issues to remain in the Chancery Division especially in view of the fact that the case could conceivably take four to six months or longer to try. In view of the foregoing and in light of the fact that my original decision to transfer was altered due to plaintiff's persuasive assertions that the primary relief involved was equitable, and since that relief has

now been rendered moot by plaintiff's own actions, the exercise of sound discretion leads me to conclude that this case should be transferred to the Law Division.